

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
**1200 Ontario Street**
**Cleveland, Ohio 44113**

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**March 8, 2020 19:57**

By: DAVID G. PHILLIPS 0046827

Confirmation Nbr. 1962942

ALPHOSO MCPHERSON                                    CV 20 930612

vs.

CUYAHOGA COUNTY, ET AL            **Judge:**  CASSANDRA COLLIER-WILLIAMS

**Pages Filed:**  28

IN THE COURT OF COMMON PLEAS

CUYAHOGA COUNTY, OHIO

ALPHONSO MCPHERSON                    )
7306 Wright Avenue                    )
Oakwood Village, Ohio 44146           )
                                      )
                                      )      CASE NO.
          Plaintiff,                  )
                                      )      JUDGE
                                      )
    vs.                               )
                                      )
                                      )      **COMPLAINT**
CUYAHOGA COUNTY                       )
2079 East Ninth Street                )    **(Jury Demand Endorsed Hereon)**
Cleveland, Ohio 44115,                )
                                      )
          and                         )
                                      )
CLIFFORD PINKEY, Sheriff of           )
   Cuyahoga County, Ohio,             )
c/o Department of Law                 )
2079 East Ninth Street                )
Cleveland, Ohio 44115,                )
                                      )
          and                         )
                                      )
KEN MILLS, Regional Director of       )
   Cuyahoga County Correction Center  )
c/o Department of Law                 )
2079 East Ninth Street                )
Cleveland, Ohio 44115,                )
                                      )
          and                         )
                                      )
ERIC IVEY Associate Warden Cuyahoga   )
   County Corrections Center (CCCC)    )
c/o Department of Law                 )
2079 East Ninth Street                )
Cleveland, Ohio 44115,                )

and   )
          )
CCCC SGT CHRISTOPHER *or*  )
*individual identified by a signature on* )
*March 2018 disciplinary action forms* )
 c/o of Department of Law  )
2079 East Ninth Street   )
Cleveland, Ohio 44115,   )
          )
   and   )
          )
CCCC SGT UNKNOWN SIGNATURE )
*who appears on discipline narrative report* )
*dated March 8, 2018*   )
 c/o of Department of Law  )
2079 East Ninth Street   )
Cleveland, Ohio 44115,   )
          )
   and   )
          )
CCCC SGT UNKNOWN SIGNATURE )
*who appears on discipline narrative report* )
*dated March 9, 2018*   )
 c/o of Department of Law  )
2079 East Ninth Street   )
Cleveland, Ohio 44115,   )
          )
   and   )
          )
CCCC SGT UNKNOWN SIGNATURE )
*who appears on discipline narrative report* )
*dated March 9, 2018*   )
 c/o of Department of Law  )
2079 East Ninth Street   )
Cleveland, Ohio 44115,   )
          )
   and   )
          )
CCCC SGT KELLEY,   )
 c/o of Department of Law  )
2079 East Ninth Street   )
Cleveland, Ohio 44115,   )
          )
   and   )
          )
CCCC CPL UNKNOWN SIGNATURE )
*who appears on use of restraint form* )
*dated March 8, 2018*   )
 c/o of Department of Law  )
2079 East Ninth Street   )
Cleveland, Ohio 44115,   )
          )

2

and                                    )
                                       )
CCCC CPL NICHOLAS EVANS                )
  c/o of Department of Law             )
2079 East Ninth Street                 )
Cleveland, Ohio 44115,                 )
                                       )
    and                                )
                                       )
CCCC CPL CORSO,                        )
  c/o of Department of Law             )
2079 East Ninth Street                 )
Cleveland, Ohio 44115,                 )
                                       )
    and                                )
                                       )
CCCC CPL ROBERT MOORE,                 )
  c/o of Department of Law             )
2079 East Ninth Street                 )
Cleveland, Ohio 44115,                 )
                                       )
    and                                )
                                       )
CCCC CPL A. BRUNELL,                   )
  c/o of Department of Law             )
2079 East Ninth Street                 )
Cleveland, Ohio 44115,                 )
                                       )
    and                                )
                                       )
CCCC CO BOSTER ROBERT,                 )
  c/o of Department of Law             )
2079 East Ninth Street                 )
Cleveland, Ohio 44115,                 )
                                       )
    and                                )
                                       )
CCCC CO DELMARE BECKHAM,               )
  c/o of Department of Law             )
2079 East Ninth Street                 )
Cleveland, Ohio 44115,                 )
                                       )
    and                                )
                                       )
CCCC CO J. HADEN, III,                 )
  c/o of Department of Law             )
2079 East Ninth Street                 )
Cleveland, Ohio 44115,                 )
                                       )
    and                                )
                                       )
                                       )

3

CCCC CO TIMOTHY BROWN,                )
  c/o of Department of Law                )
2079 East Ninth Street                        )
Cleveland, Ohio 44115,                       )
                                                  )

     and                                                )
                                                  )

CCCC CO RALPH HANNUM,              )
  c/o of Department of Law                )
2079 East Ninth Street                        )
Cleveland, Ohio 44115,                       )
                                                  )

     and                                                )
                                                  )

CCCC CO BRANDON SMITH,             )
  c/o of Department of Law                )
2079 East Ninth Street                        )
Cleveland, Ohio 44115,                       )
                                                  )

     and                                                )
                                                  )

CCCC CO WILLIAM WACSEY,           )
  c/o of Department of Law                )
2079 East Ninth Street                        )
Cleveland, Ohio 44115,                       )
                                                  )

     and                                                )
                                                  )

CCCC CO JERMAINE CLEMENTE       )
  c/o of Department of Law                )
2079 East Ninth Street                        )
Cleveland, Ohio 44115,                       )
                                                  )

     and                                                )
                                                  )

CCCC JAIL NURSE LEGRECA,          )
  c/o of Department of Law                )
2079 East Ninth Street                        )
Cleveland, Ohio 44115,                       )
                                                  )

     and                                                )
                                                  )

JAIL NURSE PEGGY WHEELER,        )
  c/o of Department of Law                )
2079 East Ninth Street                        )
Cleveland, Ohio 44115,                       )
                                                  )

     and                                                )
                                                  )
                                                  )
                                                  )

4

METROHEALTH SYSTEM )
2500 MetroHealth Drive )
Cleveland, Ohio 44109, )
 )
  and )
 )
DR. THOMAS TALLMAN, Director of )
 MetroHealth Corrections Medical Program )
2500 MetroHealth Drive )
Cleveland, Ohio 44109, )
 )
 )
   Defendants. )

Plaintiff Alphonso McPherson, by and through his undersigned counsel, hereby presents his Complaint against Defendants and states as follows:

## INTRODUCTORY STATEMENTS

1.  This is an action for damages by Plaintiff against individuals employed by Cuyahoga County, its Correctional Center, and/or its Sheriff's Department.  Specifically, this is an action for damages sustained by Plaintiff, a citizen of the United States, against correction officers, jail nurses, deputies, supervisors, corporals, sergeants, an associate warden of the County's Correction Center, the County's Regional Director of Corrections, and the County's Sheriff for the denial and/or delay of medical treatment and for the deliberate indifference to the serious condition and medical needs of Plaintiff who was in their custody, and for conspiring to use their positions and offices to deny and/or continuously delay such medical care to Plaintiff to retaliate, seek revenge against, and/or to humiliate Plaintiff.

2.  This is also an action against these Defendants for the unlawful use of excessive and unreasonable force against Plaintiff, for punishment against Plaintiff, for conspiring in the use of their positions and offices to retaliate, seek revenge against, and/or to humiliate Plaintiff through the use of such excessive and unreasonable force against Plaintiff, and for permitting, condoning, and/or ratifying use of such conduct, and the use of their positions and office to conspire against Plaintiff.

3.  This is also an action against Defendants for failing to intervene to ensure that Plaintiff

received his needed medical care, and for failing to intervene to stop the use of excessive and unreasonable force against Plaintiff, and for failing to conduct a meaningful investigation into the complaints of Plaintiff that medical care to him was denied and/or delayed and that excessive and unreasonable force was used against him.

4.  This is also an action against several Defendants of the Cuyahoga County Correction Center as the supervisory individuals responsible for the conduct of the other Defendants with respect to Plaintiff's claims that needed medical care while he was in custody was denied and/or delayed, and that excessive and unreasonable force was used against him while he was in custody.

5.  This is also an action against the Cuyahoga County and its Corrections Center, which employed the other Defendants officers, nurses, supervisors, associate warden, regional director, and sheriff for its policy related to the conduct during Plaintiff's custody that resulted in the denial and/or delay of needed medical treatment and in the use of excessive and unreasonable force against Plaintiff, and for permitting, condoning, and/or ratifying use of such conduct, and the use of their positions and office to conspire against Plaintiff.

6.  This is also an action seeking damages by Plaintiff against these Defendants for any state law claims associated with the above referenced claims including but not limited to, an action for damages by Plaintiff for his state law claims associated with assault and battery.

7.  This is also an action against the MetroHealth System and an individual employed by it as the Director of its Corrections Medical Program for damages sustained by Plaintiff, a citizen of the United States for the denial and/or delay of medical treatment and for the deliberate indifference to the serious condition and medical need of Plaintiff who was in their custody, and for conspiring to use their positions and offices to deny and/or delay such medical care to Plaintiff to retaliate, seek revenge against, and/or to humiliate Plaintiff.

**PARTIES**

8.  Plaintiff Alphonso McPherson is an individual and, at all time relevant to the

6

allegations raised in this Complaint, was a resident of Cuyahoga County, State of Ohio and citizen of the United States.  Plaintiff resides within Cuyahoga County, and all events alleged in this Complaint took place within Cuyahoga County, Ohio.

9. At all time relevant hereto, Defendants Legreca and Peggy Wheller were employed as jail nurses in the Cuyahoga County Correction Center (herein after "CCCC").  Plaintiff sues these Defendants individually and in their official capacities.  These Defendants will be referred to collectively herein as the "Jail Nurse Defendants."  Alternatively the Jail Nurse Defendants were employed by Defendant MetroHealth System. These Defendants were employed to provide medical care to inmates of the CCCC.

10.  At all time relevant hereto, Defendants Boster Robert, Delmare Beckham, J. Haden, III, Timothy Brown, Ralph Hannum, Brandon Smith, William Wacsey, and Jermaine Clemente were employed as Correction Officers (herein after "CO") in the CCCC.  Plaintiff sues these Defendants individually and in their official capacities.  These Defendants will be referred to collectively herein as the "CO Defendants."

11.  At all time relevant hereto, Defendants Nicholas Evans, Corso (first name presently unknown), Robert Moore, and A. Brunell (complete first name presently unknown) were employed as Corporals (herein after Cpl")  in the CCCC.  Plaintiff sues these Defendants individually and in their official capacities.  These Defendants will be referred to collectively herein as the "Cpl Defendants."  The Cpl Defendants may have been employed as supervisory officers by CCCC, and as such, these Defendants exercised control and/or was in charge of and responsible for the actions of the other Defendants.  On information and belief, said Defendants acting as supervisors were further responsible for the training, supervision, and conduct of the other Defendants and were further responsible for the enforcement of regulations of the CCCC and for ensuring that the personnel of the CCCC obeyed the laws of the State of Ohio and of the United States.

12.  At all time relevant hereto, Defendant Kelly (first name unknown) was employed by

7

CCCC as a Sergeant (herein after "Sgt").  Plaintiff sues this Defendant individually and in his official capacity.  This Defendant shall be referred to herein as "Sgt Kelly."

13.  At all time relevant hereto, Defendant Christopher (first name and/or correct name unknown was employed by the CCCC as a Sgt.  This Defendant's correct and full name is unknown or uncertain but is named and identified by his signature that appears on a CCCC March 2018 disciplinary action that involved Plaintiff (Attached hereto as Exhibit A).  Plaintiff sues this Defendant individually and in his/her official capacity.  For now this Defendant shall be referred to as "Sgt Christopher," and is an individual whose correct or complete name is currently unknown to Plaintiff, and Plaintiff sues this Defendant by the aforementioned fictitious name pursuant to Civ. R. 3(A) and 15(D).  Plaintiff has attempted to obtain names of individuals from Plaintiff's CCCC records, and this Defendant appears only with his/her unintelligible signature on the aforementioned document (Exhibit A).  Plaintiff will amend his Complaint to this Defendant's true name and capacity when such has been ascertained.

14.  At all time relevant hereto, the Defendants identified as CCCC Sgt Unknown Signature who appears on discipline narrative reports dated March 8, 2019 (Attached hereto as Exhibit B) and as two CCCC Sgt Unknown Signatures who appear on discipline narrative reports dated March 9, 2019 (attached hereto as Exhibits C & D) were employed by the CCCC as Sgts. These Defendants' correct and full names are unknown or uncertain but are named and identified by their his signatures that appear on the aforementioned CCCC discipline reports that involved Plaintiff dated March 8 and 9, 2018 (Exhibits B, C & D).  Plaintiff sues these Defendants individually and in their official capacities.  For now these Defendants shall be referred to collective as "Defendant Sgts Unknown Signatures," and are individuals whose correct or complete names are currently unknown to Plaintiff, and Plaintiff sues these Defendants by the aforementioned fictitious name pursuant to Civ. R. 3(A) and 15(D).  Plaintiff has attempted to obtain names of individuals from Plaintiff's CCCC records, and these Defendant appear only with their unintelligible signature on the aforementioned documents (Exhibits B, C & D).

8

Plaintiff will amend his Complaint to these Defendants' true names and capacities when such has been ascertained.

15. Defendants Sgt Kelly, Sgt Christopher, and Defendant Sgts Unknown Signatures will be referred to collectively herein as the "Sgt Defendants." The Sgt Defendants were employed as supervisory officers by CCCC, and as such, these Defendants exercised control and/or was in charge of and responsible for the actions of the other Defendants. On information and belief, said Defendants acting as supervisors were further responsible for the training, supervision, and conduct of the other Defendants and were further responsible for the enforcement of regulations of the CCCC and for ensuring that the personnel of the CCCC obeyed the laws of the State of Ohio and of the United States.

16. At all time relevant hereto, Defendant Erick Ivey was employed by CCCC as its Associate Warden, and Defendant Ken Mills was employed by CCCC as its Regional Director. Plaintiff sues these Defendants individually and in their official capacities. These Defendants were employed as supervisory officers by CCCC, and as such, these Defendants exercised control and/or was in charge of and responsible for the actions of the other Defendants. On information and belief, said Defendants acting as supervisors were further responsible for the training, supervision, and conduct of the other Defendants and were further responsible for the enforcement of regulations of the CCCC and for ensuring that the personnel of the CCCC obeyed the laws of the State of Ohio and of the United States.

17. At all time relevant hereto, Defendant Clifford Pinkey acted and was employed as the Sheriff of Cuyahoga County and had supervisory control of CCCC. Plaintiff sues this Defendant individually and in his official capacity. This Defendant was employed as a supervisory officer by CCCC, and as such, he exercised control and/or was in charge of and responsible for the actions of the other Defendants. On information and belief, said Defendants acting as supervisors were further responsible for the training, supervision, and conduct of the other Defendants and were further responsible for the enforcement of regulations of the CCCC and for

9

ensuring that the personnel of the CCCC obeyed the laws of the State of Ohio and of the United States.

18.  Defendant Cuyahoga County is a political subdivision within the State of Ohio, and at all time relevant herein, it employed the Jail Nurses Defendants, the CO Defendants, the Cpl Defendants, the Sgt Defendants, Defendant Ivey, Defendant Mills, and Defendant Pinkey. Defendant Cuyahoga County operated and was responsible for the CCCC, and for the conducted of the other Defendants as alleged herein.

19.  At all time relevant hereto, Defendant Thomas Tallman was employed by MetroHealth System as its Director of Corrections Medical Program.  As such, Defendant Tallman operated with the CCCC and was responsible for medical care of those in custody of the CCCC, and in his capacity he was charged, among other matters, with the creation, implementation, execution, and supervision of medical policies in the CCCC, and with the care and treatment of inmates of the CCCC.  Plaintiff sues this individual in his individual and official capacity.  This Defendant was employed as a supervisory officer by MetroHealth System, and as such, he exercised control and/or was in charge of and responsible for the actions of the other Defendants.  On information and belief, said Defendants acting as supervisors were further responsible for the training, supervision, and conduct of the other Defendants and were further responsible for the enforcement of regulations of the CCCC and for ensuring that the personnel of the CCCC obeyed the laws of the State of Ohio and of the United States.

20.  Defendant MetroHealth System is a public hospital operated and governed by a board of directors appointed by Defendant Cuyahoga County and it is both an agency and instrumentality of Cuyahoga County, and is charged with the performance of a traditional county function and a is a state actor.  At all time relevant hereto, this Defendant contracted with Defendant Cuyahoga County and/or Defendant Pinkey to provide medical care to inmates in the CCCC.  At all time relevant Defendant MetroHealth System employed Defendant Tallman as its Corrections Medical Director and/or Defendant Jail Nurses and was responsible for the direction

10

of medical care at the CCCC.

## FACTUAL ALLEGATIONS

21.  Plaintiff incorporates and alleges herein all of the allegations made above by reference.

22.  After March 2, 2018, Plaintiff was arrested and held in custody of the CCCC as a pretrial detainee.  On or about March 2, 2018, prior to Plaintiff's arrest he suffered a gunshot wound to his left shoulder.

23.  Upon his arrival at the CCCC and while in custody as a pretrial detainee of CCCC Plaintiff was in need of obvious medical care and/or further medical care due to the aforementioned gunshot wound.

24.  Related to this gunshot wound, Plaintiff needed and he requested medical care, but he was denied medical care while in the custody of the CCCC.

25.  After Plaintiff was denied medical care, he vocally and physically acted to further request and demand medical care while in CCCC's custody.

26.  In response, continuing through March 9, 2019, Plaintiff was denied medical care including, without limitation, attention to and the change of bandages of his gunshot wound by the Sgt Defendants, Cpl Defendants, CO Defendants, and/or Jail Nurse Defendants.  The denial of needed medical care to Plaintiff continued through the time that he was in custody in the CCCC through the end of 2018.

27.  The denial of medical care and treatment for Plaintiff was done with pure malice and utter indifference to Plaintiff's rights, safety, and well being.  Any reasonable individuals in these Defendants' position would have known or should have known that the denial and/or delay of medical care requested by Plaintiff was dangerous to Plaintiff's health and well being.

28.  Because Plaintiff continued to request medical care and become vocal about his need for medical care, on or about March 8, 2018 and continuing through at least March 9, 2018, the Sgt Defendants, Cpl Defendants, Supervisor Defendant, and/or CO Defendants acted with

11

physical force, force through the application of pepper or other chemical spray upon Plaintiff, and in the failure to take prompt and necessary measures to remove the effect of pepper or other chemical spray upon Plaintiff.

29.  On information and belief, the aforementioned conduct of Defendants in the denial and/or delay and/or interference with needed medical care to Plaintiff and in the use of excessive and unreasonable force upon Plaintiff was further done in conspiracy and/or in retaliation upon Plaintiff.  This allegation and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

30.  The Sgt Defendants, Cpl Defendants, CO Defendants, and/or Jail Nurse Defendants who were not directly involved in the denial and/or delay and/or interference with needed medical care to Plaintiff and in the use of excessive and unreasonable force upon Plaintiff witnessed said conduct and did not take steps to see that medical care was provided to Plaintiff or to stop or prevent the use of excessive force upon Plaintiff.  Further on information and belief the actions of such Defendants in their failure to act was done in conspiracy and/or in retaliation to Plaintiff.  These allegations and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

31.  In the denial of needed medical care and the use of excessive force Defendants acted willfully and maliciously for no good or lawful reason.  The use of excessive force against Plaintiff and the continued denial of medical care was done as a punishment against him while he was custody as a pretrial detainee.

32.  For all claims set forth below Plaintiff alleges that at all time during the events described herein, Defendants conspired and were engaged in a joint venture and assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  Defendants' conduct toward Plaintiff was engaged in for reasons that were not warranted and which were not justified or legally done within the confines of their offices.

12

33. While Plaintiff was in CCCC's custody as a pretrial detainee, the Cpl Defendants, Sgt Defendants who acted as supervisors in the CCCC shall be referred to herein as "Supervisor Defendants."

34. For all claims set forth below, Plaintiff alleges on information and belief that Defendants' conduct described herein was consistent with an institutionalized, widespread practice, policy, or custom of Cuyahoga County through the CCCC and MetroHealth System. These practices, policies, or customs were known and ratified, or should have been known by the Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, Cuyahoga County and MetroHealth System. These allegations and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

35. For all claims set forth below, Plaintiff alleges on information and belief that the Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, Cuyahoga County and MetroHealth System at no time took any effective action and/or were deliberately indifferent in preventing the personnel of the CCCC from engaging in such conduct. This allegation and/or other factual contentions are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

36. The Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, Cuyahoga County and MetroHealth System failed to adequately train and/or supervise the other Defendants in the exercise of their functions including, but not limited to, the conduct described herein. Said failure to train by these Defendants was malicious, reckless, and/or done with a deliberate indifference as to the rights of Plaintiff and other similarly situated individuals.

37. The Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, Cuyahoga County and MetroHealth System failed to adopt a policy or practice to prevent the other Defendants from denying and/or delaying needed medical care and treatment to Plaintiff and from the use of excessive and unreasonable force against Plaintiff.

38. The Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, Cuyahoga

13

County and MetroHealth System failed to meaningfully investigate the denial and/or delay of medical care to Plaintiff while he was in Defendants' custody and such failure to investigate on the part of these Defendants constitutes a policy by the ratification of said conduct.

39.  The Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, Cuyahoga County and MetroHealth System failed to meaningfully investigate the use of excessive force upon Plaintiff while he was in Defendants' custody and such failure to investigate on the part of these Defendants constitutes a policy by the ratification of said conduct.

40.  The conduct of Defendants, as described herein, was malicious, intentional, reckless, and/or done with deliberate indifference as to the well known and firmly established Constitutional rights of Plaintiff.

41.  The conduct of the Defendants as alleged herein was conduct which reasonable officers, nurses supervisors, wardens, directors, and sheriffs would have known to be in violation of Plaintiff's clearly established Constitutional rights.  The action or inaction of all supervisors as alleged herein was conduct that reasonable supervisors would have known to be in violation of Plaintiff's clearly established Constitutional rights.  The conduct as alleged herein was known or should have been known and/or was ratified by Defendant Cuyahoga County and/or MetroHealth System.

## COUNT ONE

42.  Plaintiff incorporates and alleges herein all of the allegations made above by reference.

43.  The conduct as alleged herein by Defendants is outrageous, shocks the conscience, and violated Plaintiff's clearly established Constitutional rights.

44.  The above alleged actions and omissions, engaged in under color of law and authority by Defendants proximately caused the deprivation of Plaintiff's rights secured to him by the Constitution of the United States including, but not limited to, his Eighth Amendment Right to be free from the cruel and unusual punishment, the right to be protected, the right to receive

14

adequate medical care while incarcerated, his right to be protected from punishment while in custody as a pretrial detainee, and his Fourteenth Amendment right to due process and equal protection of the laws. Defendants were deliberately indifferent in their conduct to deny, delay or and/or interfere with medical care to Plaintiff.

45. The rules, regulations, customs, policies, procedures of Cuyahoga County and/or MetroHealth System, and/or their training of Defendants were inadequate and unreasonable and were the proximate causation resulting in the Constitutional deprivations suffered by Plaintiff.

46. The conduct of the Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, Defendant Nurses, Cpl Defendants, Sgt Defendants, and CO Defendants as alleged herein was conduct that reasonable supervisors, sheriffs and officers would have known to be in violation of Plaintiff's clearly established Constitutional rights.

47. The conduct of Defendants as alleged herein constitutes a violation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983 and other applicable law.

48. As a result of the above alleged conduct, Plaintiff sustained deprivations to his civil rights, has suffered physical and psychological injuries and will continue to suffer from physical pain, mental distress with resulting physical manifestations, humiliation, and embarrassment for which Plaintiff is entitled to monetary relief. Plaintiff's damages are directly and proximately caused by the conduct of Defendants as alleged herein and are in excess of $25,000.

49. Due to Defendants' conduct as described herein, Plaintiff has been compelled to employ the undersigned attorney to represent him in this matter and is entitled to recover reasonable attorneys fees.

## COUNT TWO

50. Plaintiff incorporates and alleges herein all of the allegations made above by reference.

51. The conduct as alleged herein by Defendants is outrageous, shocks the conscience, and violated Plaintiff's clearly established Constitutional rights. The above alleged actions and

15

omissions, engaged in under color of law and authority by Defendants proximately caused the deprivation of Plaintiff's rights secured to him by the Constitution of the United States including, but not limited to, his Eighth Amendment Right to be free from the cruel and unusual punishment, the right to be protected, the right to be free from the use of excessive and unreasonable force while incarcerated, his right to be protected from punishment while in custody as a pretrial detainee, and his Fourteenth Amendment right to due process and equal protection of the laws.

52.  In this regard, the rules, regulations, customs, policies, procedures of Cuyahoga County and/or MetroHealth System, and/or their training of Defendants were inadequate and unreasonable and were the proximate causation resulting in the Constitutional deprivations suffered by Plaintiff.

53.  Also in this regard, the conduct of the Supervisor Defendants, and Defendants Mills, Ivey, Pinkey, Tallman, as alleged herein was conduct that reasonable supervisors would have known to be in violation of Plaintiff's clearly established Constitutional rights.

54.  The conduct of Defendants as alleged herein constitutes a violation of Plaintiff's civil rights in violation of 42 U.S.C. § 1983 and other applicable law.

55.  As a result of the above alleged conduct, Plaintiff sustained deprivations to his civil rights, has suffered physical and psychological injuries and will continue to suffer from physical pain, mental distress with resulting physical manifestations, humiliation, and embarrassment for which Plaintiff is entitled to monetary relief.  Plaintiff's damages are directly and proximately caused by the conduct of Defendants as alleged herein and are in excess of $25,000.

56.  Due to Defendants' conduct as described herein, Plaintiff has been compelled to employ the undersigned attorney to represent him in this matter and is entitled to recover reasonable attorneys fees.

## COUNT THREE

57.  Plaintiff incorporates and alleges herein all of the allegations made above by

16

reference.

58. The acts of Defendants as alleged herein constituted an assault and battery upon Plaintiff.

59. The aforementioned conduct of Defendants was willful, wanton, malicious, and without provocation. Alternatively, the conduct of Defendants was grossly negligent to the rights, interest, and privacy of Plaintiff and his body.

60. As a direct and proximate result of the aforementioned conduct of Defendants, Plaintiff suffered severe physical and emotional injuries, embarrassment, humiliation, fright and emotional distress and was otherwise physically, emotionally, and economically damaged. Said injuries caused extreme pain and suffering in the past and will continue to cause pain and suffering in the future, and said injuries are permanent in nature.

61. As a further direct and proximate result of the aforementioned conduct, Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars.

## COUNT FOUR

62. Plaintiff incorporates and alleges herein all of the allegations made above by reference.

63. Defendants owed a duty to Plaintiff to refrain from intentional and/or negligent injury to Plaintiff.

64. Defendants breached their duty to Plaintiff based on the conduct as alleged herein and proximately caused injury to Plaintiff in the form of embarrassment, mental anguish, loss of reputation, loss of self-esteem, harm to Plaintiff's relationship with his family and friends, and other emotional distress with physical injury in form of adverse health affects. Said injuries caused extreme pain and suffering in the past and will likely continue to cause pain and suffering in the future.

65. Defendants' conduct as alleged herein was outrageous and proximately caused damage to Plaintiff arising from their intentional and/or negligent infliction of serious emotional

17

distress upon him.

66. Defendant's conduct as described herein was willful, malicious, with spite and ill will, and with a reckless disregard for Plaintiff's legal rights. Alternatively, Defendant's conduct as described herein was negligent and/or reckless.

67. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount in excess of Twenty-Five Thousand Dollars.

WHEREFORE, Plaintiff Alphonso McPherson demands Judgment against Defendants, jointly and severally, in an amount that will fully, fairly, and completely compensate him pursuant to the laws of the United States and the State of Ohio, for the costs in this action herein together with prejudgment interest, reasonable attorney's fees, and a fair and adequate sum for punitive damages, and other relief as the Court deems just and which Plaintiff may be entitled under the law. Plaintiff further prays for the Court to issue its Order to enjoin Defendants from conduct as alleged herein.

Respectfully submitted,

/s/ David Glenn Phillips
DAVID GLENN PHILLIPS (0046827)
4403 St. Clair Avenue
Cleveland, Ohio 44103
(216) 531-0123
fax (216) 881-3928
email: d.g.phillips@sbcglobal.net
        civilrightslaw@sbcglobal.net

Attorney for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury in this action.

/s/ David Glenn Phillips
DAVID GLENN PHILLIPS
Attorney for Plaintiff

18

# EXHIBIT A

Electronically Filed 03/08/2020 19:57 / / CV 20 930612 / Confirmation Nbr. 1962942 / CLAJB



# PRIVILEGES AND RIGHTS OF INMATES IN DISCIPLINARY ISOLATION

## 1. PRIVILEGES WHICH MAY BE SUSPENDED

| | |
|---|---|
| Entertainment (i.e. television, games) | ☒ SUSPENDED |
| Mail from family and friends | ☒ SUSPENDED |
| Commissary (except personal hygiene items) | ☒ SUSPENDED |
| Visits by friends and family | ☒ SUSPENDED |
| Phone calls to friend and family | ☒ SUSPENDED |

## 2. QUALIFIED RIGHTS WHICH MAY BE SUSPENDED

| | |
|---|---|
| Minimum of one visit per week by family | ☒ SUSPENDED |
| Two hours exercise per week | ☒ SUSPENDED |
| Clothing, bedding, bed, unlimited access to toilet, lavatory and shower (reviewed daily) | ☐ SUSPENDED |

## 3. FUNDAMENTAL RIGHTS WHICH CANNOT BE SUSPENDED

Visits by attorneys
Visits by Clergy
Mail and phone calls to attorney and Clergy
Adequate food (nutritional diet)
Adequate light, ventilation, temperature control and sanitation
Medical care

---

**\*NOTE: Rights and privileges are reviewed twice weekly by the Custody Status Review Committee**

---

**INMATE NAME**  McPherson, Alphonso

**INMATE SO#**  #0269815    **LOCATION OF DISCIPLINARY ISOLATION**  Jail 1 _70_ / _0_ #_1_

| RULE VIOLATIONS: | RULE VIOLATIONS: | |
|---|---|---|
| 2-4 Refusing a direct order | 2-19 Major disruptive conduct | **START DATE AND TIME OF DISCIPLINARY ISOLATION** |
| N/A | N/A | |
| N/A | N/A | 03/08/2018 At 21:04 Hrs |
| 2-5 Using obscene or abusive language or gestures | 2-16 Being in an unauthorized area | **END DATE AND TIME OF DISCIPLINARY ISOLATION** |
| N/A | N/A | |
| N/A | N/A | _3-13-18_ At ___ Hrs |
| N/A | N/A | |
| N/A | N/A | **TOTAL DAYS IN DISCIPLINARY ISOLATION:** |
| N/A | N/A | |
| N/A | N/A | _5_ |
| N/A | N/A | |
| N/A | N/A | |

**S-SEG STATUS** _____

**TRUSTY STATUS** _____

**REFER TO PSYCH** _____

*CLIFFORD PINKNEY, SHERIFF*

BY: _Sgt Ctgku_

**NOTES**  currently on full precautions. → *cleared*

# EXHIBIT B



# CUYAHOGA COUNTY SHERIFF'S OFFICE
## Clifford Pinkney, Sheriff

DGI883

**WAS THERE A RESPONSE TO RESISTANCE?** ☑ NO ☐ YES

**IF YES, NARRATIVE OF RESPONSE USED:** _____

_____

**RESPONSE TO RESISTANCE REVIEWED:** _____

☐ **MINOR RULE(S) VIOLATION DISPOSITION REQUESTED (Not to exceed 120 hours)**

| CHARGES: | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

☑ **MAJOR / SERIOUS RULE(S) VIOLATION REQUESTED**

| CHARGES: | 2-4 | 2-5 | 2-16 | 2-19 | | |
|---|---|---|---|---|---|---|

**FLOOR / AREA SUPERVISOR'S REVIEW:** I, Cpl Evans entered 7E Pod and saw inmate McPherson 269815 sitting on the floor in front of the bathroom area. I attempted to help him off of the floor. McPherson stated "Don't fucking touch me!" McPherson was escorted to Medical (AWA CASHIN) and then 10 South. PAT times 2104 - 2109

**REQUEST FOR DISCIPLINE, IF APPLICABLE, HAS BEEN REVIEWED & FORWARDED TO THE SGT FOR FURTHER ACTION?**
☑ YES ☐ NO

**ALL SEGMENTS OF THIS REPORT ARE COMPLETE?**
☑ YES ☐ NO

_(FLOOR / AREA SUPERVISOR'S SIGNATURE)_

☐ **MINOR RULE VIOLATION DISPOSITION APPROVED:** ☐ YES ☐ NO

**DISCIPLINARY ISOLATION START:** _____ @ _____ ☐ AM ☐ PM

**END:** _____ @ _____ ☐ AM ☐ PM

☑ **REQUEST FOR MAJOR / SERIOUS DISCIPLINE HAS BEEN REVIEWED & APPROVED FOR FURTHER INVESTIGATION AND APPROPRIATE ADMINISTRATIVE ACTION?** ☑ YES ☐ NO

**REPORT REVIEWED AND APPROVED:** ☑ YES ☐ NO

**SERGEANT'S REVIEW:** McPherson was reclassed to 9B #22T due to no cells available on 10 South, and placed in A.D.P.I. - Once on 9B he made suicidal statements and was reclassed to 7D #4 JAIL I on full precautions.

**SERGEANT'S SIGNATURE:** SGT _____ **DATE:** 3-8-18



# CUYAHOGA COUNTY SHERIFF'S OFFICE
## Clifford Pinkney, Sheriff

**WAS THERE A RESPONSE TO RESISTANCE?** ☒ NO   ☐ YES

**IF YES, NARRATIVE OF RESPONSE USED:** _____

_____

**RESPONSE TO RESISTANCE REVIEWED:** _____

_____

☐ **MINOR RULE(S) VIOLATION DISPOSITION REQUESTED (Not to exceed 120 hours)**

**CHARGES:** | | | | | | |

☒ **MAJOR / SERIOUS RULE(S) VIOLATION REQUESTED**

**CHARGES:** | 2-4 | 2-19 | | | | |

Please note that this inmate received an ADPI earlier in the night. This incident makes McPherson ADPI X 2.

**FLOOR / AREA SUPERVISOR'S REVIEW:** Inmate McPherson was admitted to the MHU (Nurse LaGreca) @ 2220 hrs after making suicidal statements. Inmate McPherson was placed in 7D #4 on (F/P) and complained it was too cold. After informing him that no one at the Jail could clear him from his precautions, inmate McPherson started banging on his cell door. At

**REQUEST FOR DISCIPLINE, IF APPLICABLE, HAS BEEN REVIEWED & FORWARDED TO THE SGT FOR FURTHER ACTION?**
☒ YES ☐ NO  2343 hrs McPherson was secured in a restraint chair by myself, Cpl. Evans.

**ALL SEGMENTS OF THIS REPORT ARE COMPLETE?**
☒ YES ☐ NO

_____
(FLOOR / AREA SUPERVISOR'S SIGNATURE)

☐ **MINOR RULE VIOLATION DISPOSITION APPROVED:**   ☐ YES   ☐ NO

**DISCIPLINARY ISOLATION START:** _____ @ _____ ☐ AM ☐ PM
**END:** _____ @ _____ ☐ AM ☐ PM

☒ **REQUEST FOR MAJOR / SERIOUS DISCIPLINE HAS BEEN REVIEWED & APPROVED FOR FURTHER INVESTIGATION AND APPROPRIATE ADMINISTRATIVE ACTION?** ☒ YES ☐ NO

**REPORT REVIEWED AND APPROVED:**   ☒ YES   ☐ NO

**SERGEANT'S REVIEW:** REVIEWED - PLACED IN ADDITIONAL A.D.P.I. REMOVED FROM ERC on 3/9/18 AT 0150 HRS.

_____

**SERGEANT'S SIGNATURE:** _____   **DATE:** 3-8-18



# CUYAHOGA COUNTY SHERIFF'S OFFICE

**WAS THERE A RESPONSE TO RESISTANCE?** ☐ NO  ☑ YES

**IF YES, NARRATIVE OF RESPONSE USED:**  I, Cpl. Evans used my left and right hands to secure inmate
McPherson's waist, both arms, both ankles, and both shoulders in the restraint chair using the straps provided.

**RESPONSE TO RESISTANCE REVIEWED:** _____

☐ **MINOR RULE(S) VIOLATION DISPOSITION REQUESTED (Not to exceed 120 hours)**

| CHARGES: | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | |

☐ **MAJOR / SERIOUS RULE(S) VIOLATION REQUESTED**

| CHARGES: | | | | | |
|---|---|---|---|---|---|
| | | | | | |

**FLOOR / AREA SUPERVISOR'S REVIEW:**  Response to Incident

_____

_____

**REQUEST FOR DISCIPLINE, IF APPLICABLE, HAS BEEN REVIEWED & FORWARDED TO THE SGT FOR FURTHER ACTION?**
☐ YES  ☑ NO

**ALL SEGMENTS OF THIS REPORT ARE COMPLETE?**
☑ YES  ☐ NO

_(FLOOR / AREA SUPERVISOR'S SIGNATURE)_

☐ **MINOR RULE VIOLATION DISPOSITION APPROVED:**   ☐ YES   ☐ NO

   **DISCIPLINARY ISOLATION START:** _____ @ _____ ☐ AM ☐ PM
                         **END:** _____ @ _____ ☐ AM ☐ PM

☐ **REQUEST FOR MAJOR / SERIOUS DISCIPLINE HAS BEEN REVIEWED & APPROVED FOR FURTHER INVESTIGATION AND APPROPRIATE ADMINISTRATIVE ACTION?**  ☐ YES  ☐ NO

**REPORT REVIEWED AND APPROVED:**  ☑ YES   ☐ NO

**SERGEANT'S REVIEW:**  USE OF FORCE

_____

_____

**SERGEANT'S SIGNATURE:**  Sgt. _____   **DATE:**  3-8-18

2.

# EXHIBIT C



# CUYAHOGA COUNTY SHERIFF'S OFFICE
## Clifford Pinkney, Sheriff

**WAS THERE A RESPONSE TO RESISTANCE?** ☑ NO ☐ YES

**IF YES, NARRATIVE OF RESPONSE USED:** _____

**RESPONSE TO RESISTANCE REVIEWED:** _____

☐ **MINOR RULE(S) VIOLATION DISPOSITION REQUESTED (Not to exceed 120 hours)**

**CHARGES:**

| | | | | | |
|---|---|---|---|---|---|

☐ **MAJOR / SERIOUS RULE(S) VIOLATION REQUESTED**

**CHARGES:**

| | | | | | |
|---|---|---|---|---|---|

**FLOOR / AREA SUPERVISOR'S REVIEW:** _INMATE MCPHERSON ALPHONSO WAS ESCORTED_
_TO MENTAL HEALTH. HE WAS INTERVIEWED BY PSYCH NURSE LAGRACA_
_AND RECLASSED TO 7D POD #4B ON FULL PRECAUTIONS._

**REQUEST FOR DISCIPLINE, IF APPLICABLE, HAS BEEN REVIEWED & FORWARDED TO THE SGT FOR FURTHER ACTION?**
☐ YES ☑ NO

**ALL SEGMENTS OF THIS REPORT ARE COMPLETE?**
☑ YES ☐ NO

_____
(FLOOR / AREA SUPERVISOR'S SIGNATURE)

☐ **MINOR RULE VIOLATION DISPOSITION APPROVED:** ☐ YES ☐ NO

**DISCIPLINARY ISOLATION START:** _____ @ _____ ☐ AM ☐ PM

**END:** _____ @ _____ ☐ AM ☐ PM

☐ **REQUEST FOR MAJOR / SERIOUS DISCIPLINE HAS BEEN REVIEWED & APPROVED FOR FURTHER INVESTIGATION AND APPROPRIATE ADMINISTRATIVE ACTION?** ☐ YES ☐ NO

**REPORT REVIEWED AND APPROVED:** ☑ YES ☐ NO

**SERGEANT'S REVIEW:** _Indeterminate Mgmt._

**SERGEANT'S SIGNATURE** _____ **DATE:** _03-08-18_

# EXHIBIT D



# CUYAHOGA COUNTY SHERIFF'S OFFICE
## Clifford Pinkney, Sheriff

**WAS THERE A RESPONSE TO RESISTANCE?**  ☑ NO  ☐ YES

IF YES, NARRATIVE OF RESPONSE USED: _____

_____

**RESPONSE TO RESISTANCE REVIEWED:** _____

---

☐ **MINOR RULE(S) VIOLATION DISPOSITION REQUESTED (Not to exceed 120 hours)**

**CHARGES:** | | | | | | |

☑ **MAJOR / SERIOUS RULE(S) VIOLATION REQUESTED**

**CHARGES:** | 2-4 | 2-19 | | | | |

**FLOOR / AREA SUPERVISOR'S REVIEW:**  In mate pepper foamed placed in restraint Chair

_____

**REQUEST FOR DISCIPLINE, IF APPLICABLE, HAS BEEN REVIEWED & FORWARDED TO THE SGT FOR FURTHER ACTION?**
☑ YES  ☐ NO

**ALL SEGMENTS OF THIS REPORT ARE COMPLETE?**
☑ YES  ☐ NO

_____ (FLOOR / AREA SUPERVISOR'S SIGNATURE)

☐ **MINOR RULE VIOLATION DISPOSITION APPROVED:**  ☐ YES  ☐ NO

**DISCIPLINARY ISOLATION START:** _____ @ _____ ☐ AM ☐ PM

END: _____ @ _____ ☐ AM ☐ PM

☐ **REQUEST FOR MAJOR / SERIOUS DISCIPLINE HAS BEEN REVIEWED & APPROVED FOR FURTHER INVESTIGATION AND APPROPRIATE ADMINISTRATIVE ACTION?** ☑ YES ☐ NO

**REPORT REVIEWED AND APPROVED:** ☑ YES ☐ NO

**SERGEANT'S REVIEW:** A. Dela I. Lonley

_____

**SERGEANT'S SIGNATURE:** _____  **DATE:** 3/9/18